UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID P. SMITH-DAYE,

                       Plaintiff,

          -against-

CITY OF POUGHKEEPSIE; DUTCHESS
COUNTY JAIL; CITY OF POUGHKEEPSIE
POLICE,

                      Defendants.

24-CV-3555 (PMH)

**ORDER OF SERVICE**

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that officers with the City of Poughkeepsie Police ("Poughkeepsie Police Department") assaulted him. Plaintiff sues the City of Poughkeepsie, the Poughkeepsie Police Department, and Dutchess County Jail, where he currently is detained. By order dated May 9, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

As set forth below, the Court (1) dismisses the claims brought against the Dutchess County Jail and the Poughkeepsie Police Department; (2) adds as defendants John Doe Police Officers 1-3; (3) directs Corporation Counsel for the City of Poughkeepsie to identify John Doe Police Officers 1-3, so that they may be served; and (4) directs the Clerk of Court to effect service on the City of Poughkeepsie.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

Case 7:24-cv-03555-PMH   Document 7   Filed 05/15/24   Page 2 of 6

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.   Dutchess County Jail

Plaintiff names as a defendant the Dutchess County Jail, where Plaintiff currently is detained. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because the Dutchess County Jail is a building facility, it is not a person acting under color of law for purposes of Section 1983. The Court therefore dismisses Plaintiff's claims against the Dutchess County Jail for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.   City of Poughkeepsie Police

Plaintiff's claims against the Poughkeepsie Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the

municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against police officers employed with the Poughkeepsie Police Department, the Court construes the complaint as asserting claims against John Doe Police Officers 1-3 and directs the Clerk of Court to amend the caption of this action to replace the City of Poughkeepsie Police with John Doe Police Officer 1-3. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the John Doe officers may wish to assert.

## C.    John Doe Officers

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Poughkeepsie Police Department to identify the police officers who responded to a call on February 9, 2024, at 10 Rinaldi Blvd, in Poughkeepsie, New York. It is therefore ordered that the Corporate Counsel, who is the attorney for and agent of the Poughkeepsie Police Department, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Corporation Counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with

the addresses for the named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.      Order of Service on the City of Poughkeepsie**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant City of Poughkeepsie through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Failure to request an extension of the time for service may result in the action being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Dutchess County Jail for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses Plaintiff's claims against the City of Poughkeepsie Police because city agencies or departments do not have the capacity to be sued under New York law.

The Court directs the Clerk of Court to add to the caption of the complaint John Doe Police Officers 1-3. The Clerk of Court is directed to mail a copy of this order and the complaint to City of Poughkeepsie Corporation Counsel at: 62 Civic Center, 3rd Floor, Poughkeepsie, NY 12601.

The Clerk of Court is instructed to issue a summons for the City of Poughkeepsie, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the Clerk of Court is instructed to mail an information package to Plaintiff.

**SO ORDERED.**

Dated:     White Plains, New York
           May 15, 2024

                                        _____
                                        PHILIP M. HALPERN
                                        United States District Judge

5

## SERVICE ADDRESS FOR EACH DEFENDANT

City of Poughkeepsie
Corporation Counsel
62 Civic Center
3rd Floor
Poughkeepsie, NY 12601