UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID P. SMITH-DAYE,

                Plaintiff,

-against-

CITY OF POUGHKEEPSIE, et al.,

                Defendants.

**OPINION AND ORDER**

24-CV-03555 (PMH)

PHILIP M. HALPERN, United States District Judge:

       David P. Smith-Daye ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action in May 2024, pressing claims of municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) arising out of violations of his constitutional rights and state-law assault against the City of Poughkeepsie (the "City"), the City of Poughkeepsie Police Department, and the Dutchess County Jail. (Doc. 1, "Compl."). On May 15, 2024, the Court, *sua sponte*, dismissed Plaintiff's claims against Dutchess County Jail pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and substituted the City of Poughkeepsie Police Department with John Doe Police Officers pursuant to Federal Rule of Civil Procedure 21. (Doc. 7 at 2-3). The Court, in that same Order, directed the City "to identify the police officers" described in the Complaint. (*Id.* at 3). As to Plaintiff, the Court directed him, "[w]ithin thirty days of receiving" the John Doe Police Officers' names from the City, to "file an amended complaint naming the John Doe defendants." (*Id.*).

       On July 11, 2024, the City filed a letter providing the names of City police officers. (Doc. 12). Despite the Court's prior direction, Plaintiff failed to file an amended complaint. As such, the Court granted the City leave to file a motion to dismiss the Complaint and set a briefing schedule. (Doc. 17).

Pending before the Court is the City's motion under Federal Rules of Civil Procedure 12(b)(6) and 41(b). The City filed its motion to dismiss and supporting memorandum of law on February 27, 2025. (Doc. 18; Doc. 20, "Def. Br."). Plaintiff did not file any opposition to the motion.[1]

For the reasons set forth below, the City's unopposed motion to dismiss is GRANTED.

## BACKGROUND

On or about February 9, 2024, Plaintiff "took a walk to let things cool down" following an "altercation" with his ex-girlfriend. (Compl. at 5 (cleaned up)).[2] After returning to his residence around an hour later, Plaintiff noticed City police officers speaking with his ex-girlfriend. (*Id.*). Plaintiff alleges that he was then "immediately attacked" by the officers. (*Id.*). Plaintiff was later treated for "serious head injuries [and] neck injuries that still bother" him to this day. (*Id.*).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] Plaintiff's opposition was due by March 31, 2025. (Doc. 17). The docket indicates that a copy of the Court's Order setting the briefing schedule was mailed to Plaintiff on January 30, 2025. (*See* Jan. 30, 2025 Entry). On February 27, 2025, the City filed an affidavit of service along with its motion to dismiss, indicating service of the motion papers on Plaintiff. (Doc. 21). On April 4, 2025, the Court *sua sponte* extended Plaintiff's time to oppose the motion to May 5, 2025, warned Plaintiff no further extensions would be granted, and cautioned that if he failed to file opposition by May 5, 2025, the motion would be deemed fully submitted and unopposed. (Doc. 23). The docket indicates that a copy of the Court's April 4, 2025 Order was mailed to Plaintiff. (*See* Apr. 7, 2025 Entry). Thus, as is clear from the docket, Plaintiff was sent the City's moving papers as well as an additional document notifying him that the City had moved to dismiss the Complaint. Accordingly, the Court deems the motion fully submitted and unopposed.

[2] Citations to specific pages of the Complaint and other filings on the docket correspond to the pagination generated by ECF. Unless otherwise indicated, the Court, when quoting Plaintiff's Complaint, has altered capitalization for readability.

*Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even

following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claim challenged on this motion even without the benefit of formal opposition to the motion.

## **ANALYSIS**

Liberally construed, the Complaint presses claims for *Monell* liability arising out of violations of his constitutional rights and state-law assault against the City. (*See generally* Compl.). The City seeks dismissal of both claims. (*See generally* Def. Br.).

I. *Monell* Liability

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *5 (S.D.N.Y. Mar. 22, 2021). "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). "Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" *Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original)). Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw,* 768 F.2d 40, 44 (2d Cir. 1985)).

There are several ways in which a plaintiff can demonstrate that an official policy or custom existed, including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Williams v. Lohard*, No. 20-CV-10571, 2022 WL 269164, at *3 (S.D.N.Y. Jan. 28, 2022) (quoting *Chamberlain*, 986 F. Supp. 2d at 390).

Plaintiff does not allege a formal policy or practice by the City. Nor does he allege a persistent practice or pattern by the City of its police officers using excessive force. *Cf. Williams v. Freyermuth*, No. 23-CV-02156, 2025 WL 1369399, at *4 (S.D.N.Y. May 9, 2025) ("To establish deliberate indifference, 'a plaintiff [must] prove that the constitutional violation underlying his claim was preceded by [a] pattern of similar constitutional violations.'" (alteration in the original and quoting *Greene v. City of New York*, 742 F. App'x 532, 536 (2d Cir. 2018)). Rather, Plaintiff's only allegations concern his own experiences with City police officers. (Compl. at 5). But it is well-settled that a plaintiff cannot establish a *Monell* claim "simply by alleging his own experiences." *Rutherford v. Westchester Cnty.*, No. 18-CV-04872, 2020 WL 433841, at *12 (S.D.N.Y. Jan. 28, 2020); *see also Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) ("[I]solated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability.").

Accordingly, the City's motion to dismiss is granted as to Plaintiff's *Monell* claim.

II.     State Law Claims for Relief

The City argues Plaintiff's state-law assault claims must be dismissed because he failed to comply with New York law's notice of claim requirements. (Def. Br. at 12-13.) The Court agrees.

General Municipal Law § 50–e requires service of a notice of claim within 90 days after a claim arises "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation . . . or any officer, appointee or employee thereof." N.Y. Gen. Mun. Law § 50–e(1); *see also* N.Y. Gen. Mun. Law § 50-i. "It is well-settled that 'in a federal court, state notice of claim statutes apply to state-law claims.'" *Asseng v. Cnty. of Nassau*, No. 14-CV-05275, 2015 WL 4621104, at *3 (E.D.N.Y. July 31, 2015) (emphasis omitted and quoting *Hardy v. N.Y. City Health and Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir.1999)). The notice of claim requirement applies to Plaintiff's state-law tort claims for relief. *See Brown v. City of New York*, No. 18-CV-03287, 2020 WL 1819880, at *7 (S.D.N.Y. Apr. 9, 2020) ("Under New York law, a plaintiff asserting tort claims against the City or its employees must file a notice of claim within ninety days after the incident giving rise to the claim and commence the action within a year and ninety days from the date of the incident"); *see also Dunham v. City of New York*, 295 F. Supp. 3d 319, 329 (S.D.N.Y. 2018).

It has been more than 90 days since February 9, 2024 (*i.e.*, the date on which Plaintiff's claim arose), and Plaintiff has not pled that he filed a notice of claim. Thus, Plaintiff's state-law claim for relief must be dismissed for failure to comply with the notice of claim requirement. *See, e.g.*, *Brown v. Cnty. of Westchester*, No. 22-CV-06146, 2024 WL 21937, at *10 (S.D.N.Y. Jan. 2, 2024); *Culbreth v. Manuel*, No. 24-CV-00497, 2025 WL 35059, at *7 (S.D.N.Y. Jan. 6, 2025).

7

Accordingly, the City's motion to dismiss Plaintiff's state-law claims is granted.[3]

### CONCLUSION

For the foregoing reasons, the City's motion to dismiss is GRANTED.

Because Plaintiff may be able to allege additional facts to support his claims, the Court grants Plaintiff 30 days' leave to amend the Complaint to detail his claims. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-03555 (PMH). To the extent that Plaintiff still intends to press claims against individual City police officers, he must add the police officers identified in the City's July 11, 2024 letter (Doc. 12) to his Amended Complaint. If Plaintiff fails to file an amended complaint within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action.

The Clerk of Court is respectfully directed to (1) terminate the motion pending at Doc. 18; and (2) mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED:

Dated:   White Plains, New York
         August 14, 2025

PHILIP M. HALPERN
United States District Judge

---

[3] Given the Court's rulings herein, the Court need not and does not address the City's other arguments for dismissal or argument concerning punitive damages. (Def. Br. at 13-15).